UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | |
| | : | PRISONER |
| v. | : | Case No. 3:12cv626 (VLB) |
| | : | |
| LYNN MILLING, ET AL. | : | July 27, 2012 |

RULING AND ORDER

The plaintiff, Luis Fernandez, is an inmate currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut. He has filed a civil rights action *pro se* pursuant to 28 U.S.C. § 1915 against Connecticut Department of Correction employees at the City of Suffield. He alleges that in July 2011, he submitted a request to Director of Offender and Classification and Population Management Lynn Milling for an international transfer to Spain to serve the rest of his prison sentence. The plaintiff claims that Director Milling improperly denied the request in October 2011 and again in January 2012. He alleges that Warden Peter Murphy and District Administrator improperly upheld the denials of the request for transfer. Without support, the plaintiff concludes that the decision to deny his request for transfer was based on his race, ethnicity and national origin. The plaintiff has named the City of Suffield as a defendant because the MacDougall Correctional Institution is located in Suffield, Connecticut. The plaintiff seeks declaratory and injunctive relief and monetary damages.

The Prison Litigation Reform Act amended the statute governing

proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of plaintiff's application to proceed *in forma pauperis* in this case. The plaintiff previously has had more than three cases or appeals dismissed as frivolous. *See, e.g., Fernandez v. Holzbach*, 3:02cv2289(JBA) (complaint dismissed 4/29/03); *Fernandez v. Armstrong*, 3:03cv583(JCH) (appeal - No. 05-1163 - dismissed 9/13/05); *Fernandez v. Armstrong*, 3:04cv1092(WWE) (complaint dismissed 12/13/05); *Fernandez v. Paquette*, 3:02cv2090(JBA) (appeal - No. 04-6563- dismissed 5/24/07); *Fernandez v. Stewart*, 3:01cv1807(JBA) (appeal - No. 06-1298 dismissed 9/4/08).

Because the three strikes provision applies in this case, the plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."   *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, the plaintiff must meet two requirements. He must

show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. See *id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. See *id.* at 296.

The plaintiff has asserted no facts to suggest that conduct of the defendants in allegedly conspiring to deny his request for international transfer to Spain to serve the remainder of his prison sentence subjected him to immediate harm. Nor does the plaintiff allege that he will suffer any harm if he remains incarcerated within the Connecticut Department of Correction until he is eligible to be discharged from his state sentence. The plaintiff has not demonstrated that he was facing imminent serious physical injury or harm at the time he filed the complaint.

## Conclusion

The Order [Doc. No. 5] granting the plaintiff's Application to Proceed *In Forma Pauperis* is VACATED. The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff. No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form. The plaintiff's Application to Proceed *In Forma Pauperis* [Doc. No. 2] is DENIED.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery of the filing fee in the amount of $350.00

(cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty (20) days from the date of this Order will result in the dismissal of this action.

SO ORDERED this 27th day of July 2012, at Hartford, Connecticut.

/s/
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE